## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOTHY SULLIVAN <br>     Plaintiff <br><br> v. <br><br> NCB MANAGEMENT SERVICES, INC. <br>     Defendant | CIVIL ACTION <br><br> COMPLAINT <br><br> JURY TRIAL <br> CLAIMED <br><br> AUGUST 21, 2009 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq. and for intentional infliction of emotional distress.

### II. PARTIES

2. The plaintiff, Timothy Sullivan, is a natural person residing in Wolcott, Connecticut.

3. The defendant, NCB Management Services, Inc., ("NCB"), is a Pennsylvania corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over NCB because it engages in debt collection activities within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. Some time prior to June 2009, NCB began to collect on two accounts that were owed by Plaintiff.

8. In mid to late June, 2009, NCB called Plaintiff's mother, his brother, and his aunt, and perhaps other third persons as yet unknown to Plaintiff, and left "urgent" messages for Plaintiff to return the call.

9. During a conversation between Plaintiff and an NCB representative, Plaintiff informed NCB that he was represented by an attorney in connection with the accounts and requested that NCB discuss the matter with the attorney.

10. NCB, despite having been given the attorney's contact information, has continued to call Plaintiff in an attempt to collect the debts.

## V. COUNT ONE

### Fair Debt Collection Practices Act

11. Plaintiff incorporates Paragraphs 1- 10

12. NCB's conduct, as aforedescribed, violated the FDCPA.

13. For NCB's violations of the FDCPA as described above, the Plaintiff is entitled to recover her actual damages (including emotional distress related damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI.  COUNT TWO

### Intentional Infliction of Emotional Distress

14. Plaintiff incorporates Paragraphs 1-10.

15. NCB acted with the intention of causing Plaintiff to suffer emotional distress with the express purposes of coercing the payment of the debts.

16. NCB's conduct did cause Plaintiff severe and extreme emotional distress.

## VII.  COUNT THREE

### Connecticut Unfair Trade Practices Act

17. Plaintiff incorporates Paragraphs 1-10.

18. NCB violated CUTPA by its debt collection activities described above.

19. NCB's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as such to cause substantial injury to consumers.

20. The plaintiff has sustained an ascertainable loss as a result of NCB's acts. Specifically, and without limitation, the extreme emotional distress caused by NCB's conduct caused Plaintiff to resume smoking on a regular basis after having quit for more than a year.

21. NCB further violated CUTPA by failing to register with the Connecticut Secretary of State, thereby increasing the cost to Plaintiff of commencing this action.

22. NCB is liable to Plaintiff for her actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff prays for the following relief:

Monetary damages related to Plaintiff's emotional distress; actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k. monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

PLAINTIFF, TIMOTHY SULLIVAN

By: *[signature]*
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax. (860) 571-7457